# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEAVEN'S LANDING, LLC,[1] | ) | Case No. 20-21350-JRS |
| | ) | |
| Debtor. | ) | Judge Sacca |
| | ) | |

## NOTICE OF HEARING

 PLEASE TAKE NOTICE that Heaven's Landing, LLC has an Application for Final Decree (the "<u>Application</u>") on May 12, 2023.

 PLEASE TAKE FURTHER NOTICE that the Court will hold an initial telephonic hearing for announcements on the Application at the following number: (toll-free number) 833-568-8864, Meeting ID 161 418 0533 on May 25, 2023, at 10:30 a.m. in Courtroom 103 of the United States Courthouse, 121 Spring Street SE, Gainesville, Georgia 30501.

 Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information

 Your rights may be affected by the court's ruling on the Application. You should read the application carefully and discuss them with your attorney if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in the Application or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 120, 121 Spring St SE, Gainesville, Georgia 30501. You must also mail a copy of your response to the undersigned at the address stated below.

---

[1] The last four digits of the Debtor's federal tax identification number are 2632.

KC:4853-3411-9009:2

This 12th day of May, 2023.

                        KELLEY & CLEMENTS LLP

            By:     */s/ Charles N. Kelley, Jr.*
                     Charles N. Kelley, Jr.
                     Georgia State Bar No. 412212
                     ckelley@kelleyclements.com

                     Counsel for Debtor

PO Box 2758
Gainesville, Georgia 30503-2758
(770) 531-0007

KC:4853-3411-9009:2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEAVEN'S LANDING, LLC,[2] | ) | Case No. 20-21350-JRS |
| | ) | |
| Debtor. | ) | Judge Sacca |
| | ) | |

APPLICATION FOR FINAL DECREE

COMES NOW Heaven Landing, LLC (the "Debtor"), debtor and debtor in possession in this case, and makes this application (this "Application") for entry of a final decree closing this bankruptcy case. In support of the Application, the Debtor states as follows:

BACKGROUND

1. Debtor filed a voluntary petition under subchapter V of chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 to 1532 (the "Bankruptcy Code") on October 4, 2020 (the "Petition Date"), commencing this small business reorganization case.

2. Debtor continues to operate its business as debtor in possession pursuant to Bankruptcy Code section 1184. No trustee, examiner or committee has been appointed in this case.

---

[2] The last four digits of the Debtor's federal tax identification number are 2632.

KC:4853-3411-9009:2

3. Debtor owns two large tracts of land in Rabun County, Georgia, that it is developing for sale. Prior to the Petition Date, Debtor also operated a subdivision focused on aviation enthusiasts, including the management of the subdivision's runway, fuel farm, hangers, and clubhouse.

4. After extensive hearings, on February 9, 2023 (the "Confirmation Date") this Court entered an order confirming the Debtor's Fourth Amended Plan (the "Plan") as modified by the terms of such order (the "Confirmation Order") [Docket No. 145] and an order amending and clarifying the terms of the Confirmation Order (the "Modification Order") [Docket No. 155].

5. On March 3, 2023, Debtor gave notice that it had substantially consummated the terms of the Plan as modified by the Confirmation Order and the Modification Order [Docket No. 158].

6. The Confirmation Order and Modification Order are final, non-appealable, and not subject to any pending appeal.

## JURISDICTION

7. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

KC:4853-3411-9009:2

RELIEF REQUESTED

8. By this Application, Debtor seeks entry of a final decree pursuant to section 350(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), determining that this case is fully administered and that the case should be closed.

9. The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Notes to Bankruptcy Rule 3022 (the "Advisory Committee Notes"), however, set forth the following non-exclusive factors for consideration in determining whether a case has been fully administered:

    (a) whether the order confirming the plan has become final;

    (b) whether deposits required by the plan have been distributed;

    (c) whether the property proposed by the plan to be transferred has been transferred;

    (d) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    (e) whether payments under the plan have commenced; and

    (f) whether all motions, contested matters, and adversary proceedings have been finally resolved.

10. Courts look "to the advisory committee's notes on Bankruptcy Rule 3022 in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015).

KC:4853-3411-9009:2

11. Here both the Confirmation Order and Modification Order are final, non-appealable, and not subject to any pending appeal. The Plan Effective Date has passed. Distributions were made on the Plan Effective Date that paid all creditors in the case, as well as the Subchapter V Trustee and the majority of the administrative expenses in the case. Pursuant to Section 12.1 of the Plan the Debtors' assets have revested in the Debtor, which has resumed management of its business and its assets in accordance with the terms of the Plan. Accordingly, there is good cause for the entry of a final decree in this case.

12. Counsel for the Debtor has conferred with counsel for the U.S. Trustee and represents that the U.S. Trustee does not oppose the relief requested in this Application.

WHEREFORE, the Debtor moves this court for the entry of a final decree closing this case and for such other and further relief as the Court finds just and equitable.

This 12th day of May, 2023.

                KELLEY & CLEMENTS LLP

By:   */s/ Charles N. Kelley, Jr.*
       Charles N. Kelley, Jr.
       Georgia State Bar No. 412212
       ckelley@kelleyclements.com

       Counsel for Debtor

PO Box 2758
Gainesville, Georgia 30503
(770) 531-0007

KC:4853-3411-9009:2

## CERTIFICATE OF SERVICE

I hereby certify that I did this day file the above and foregoing Application and Notice of Hearing with the Court via its CM/ECF system, which will provide electronic mail notice to:

Bradley J. Patten         bpatten@sgwmfirm.com

David S. Weidenbaum       david.s.weidenbaum@usdoj.gov

This 12th day of May, 2023.

                          KELLEY & CLEMENTS LLP

By:    */s/ Charles N. Kelley, Jr.*
        Charles N. Kelley, Jr.
        Georgia State Bar No. 412212
        ckelley@kelleyclements.com

Counsel for Debtor

PO Box 2758
Gainesville, Georgia 30503
(770) 531-0007

KC:4853-3411-9009:2